CHRISTINA SULLIVAN
CA B# 328326
**HACKING IMMIGRATION LAW, LLC**
10900 Manchester Road, Suite 203
St. Louis, MO 63122
Telephone: (314) 961-8200
Facsimile: (314) 961-8201
E-mail: csullivan@hackingimmigrationlaw.com

Attorneys for Plaintiffs Vishal Sharma, Shalini Sharma and Akshat Sharma.

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

VISHAL SHARMA, A# 088 704 218,

  4 Aprilla
  Irvine, CA 92614

SHALINI SHARMA, A# 219 654 888,

  4 Aprilla
  Irvine, CA 92614

AKSHAT SHARMA, A# 219 654 887,

  4 Aprilla
  Irvine, CA 92614

   Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Serve:  U.S. Citizenship & Immigration
        Services
        5900 Capital Gateway Dr
        Camp Springs, MD 20588

Case No. 8:22-cv-01461

- 1 -
COMPLAINT

1  UR MENDOZA JADDOU, Director of the
2  United States Citizenship and Immigration
   Services,
3
4  Serve: U.S. Citizenship & Immigration
          Services
5         5900 Capital Gateway Dr
          Camp Springs, MD 20588
6
7  and,
8
9  TERRI ROBINSON, Director of the United
   States Citizenship and Immigration Services
10 National Benefits Center,
11 Serve: 850 NW Chipman Rd.
          Suite 5000
12        Lee's Summit, MO 64063
13
14    Defendants.

### COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' APPLICATIONS TO ADJUST STATUS

Plaintiffs Vishal Sharma, Shalini Sharma and Akshat Sharma, respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' applications to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status.

### PARTIES

1. Plaintiff Vishal Sharma, Shalini Sharma and Akshat Sharma are citizens of India.

2. On October 23, 2015, Plaintiff Vishal Sharma's employer filed an I-140 Petition for Alien Worker on behalf of Plaintiff.

3. Defendants approved the I-140 Petition on February 10, 2016. This approval rendered Plaintiffs Vishal Sharma, and Shalini Sharma and Akshat Sharma as derivatives, eligible to adjust

status.

4. Plaintiffs filed timely I-485 Applications for Adjustment of Status on October 23, 2020. Defendants assigned Receipt Number MSC2190298728 to Plaintiff Vishal Sharma's case, Receipt Number MSC2190298731 to Plaintiff Shalini Sharma's case, and Receipt Number MSC2190298725 to Plaintiff Akshat's case.

5. USCIS completed the fingerprinting and photographing of Vishal Sharma, Shalini Sharma and Akshat Sharma as part of the processing of the pending application.

6. Defendants have not conducted an interview on Plaintiffs' pending green card applications.

7. Since Vishal Sharma, Shalini Sharma and Akshat Sharma filed the applications with USCIS, Plaintiffs have made repeated requests to have the green card case finally adjudicated.

8. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Vishal Sharma, Shalini Sharma and Akshat Sharma's applications to adjust status have remained pending far longer than is reasonable.

9. Plaintiffs' visa numbers are current. Despite this, USCIS has refused to adjudicate Vishal Sharma, Shalini Sharma and Akshat Sharma's applications in accordance with applicable legal criteria.

10. Plaintiffs bring this action to compel the USCIS to finally adjudicate the pending applications as required by law.

11. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

12. Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official

within the USCIS. Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

13. Defendant Terri Robinson is the Director of the USCIS National Benefits Center and is sued only in an official capacity, as well as any successors and assigns. The National Benefits Center is the office in which Plaintiffs' applications are currently pending. Robinson is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Terri Robinson is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

14. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

15. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action; (3) Plaintiffs reside within this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

16. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

17. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

18. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

19. Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

20. The combined delay and failure to act on Vishal Sharma, Shalini Sharma and Akshat Sharma's adjustment of status applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

21. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

22. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and email. Furthermore, Plaintiffs have submitted several Service Requests with the USCIS, raised Ombudsman Complaint twice, and contacted the Office of Congresswoman Katie Porter. This has led nowhere.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiffs allege and state as follows:

23. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though

fully set out herein.

24. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

25. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

26. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Vishal Sharma, Shalini Sharma and Akshat Sharma request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Vishal Sharma, Shalini Sharma and Akshat Sharma's applications to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Vishal Sharma, Shalini Sharma and Akshat Sharma's applications to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Vishal Sharma, Shalini Sharma and Akshat Sharma;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain

to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the application to adjust status;

      6.      Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

      7.      Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**August 5, 2022**

*/s/ Christina Sullivan*
Christina Sullivan
CA B# 328326
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) csullivan@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**